## Hauser *v.* Hambersky, Appellant.

Argued September 27, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Carroll Caruthers,* with him *William F. Caruthers,* for appellant.

*William D. Henning,* for appellee.

OPINION BY MR. JUSTICE JONES, November 13, 1951:

The plaintiffs sued on a written contract to recover from the defendant the unpaid balance of the contract price for the erection of a dwelling house which the plaintiffs constructed for the defendant in accordance with detailed specifications and drawings which, by express reference, were made part of the contract. The defendant denied that the contract was binding upon him and alleged that it had been superseded by another contract in writing between the parties for the erection of a house according to the same specifications and drawings but at a considerably lower price. The issue of fact as to the alleged supersession of the one contract by the other was submitted to the jury which returned a verdict for the plaintiffs for the amount of the contract price, as averred by the plaintiffs, less certain conceded credits, with interest on the balance. The defendant moved for judgment n.o.v. and for a new trial. The learned court below refused judgment n.o.v. and denied the motion for new trial upon condition that the plaintiffs file a remittitur for a relatively small sum which was done. Judgment was thereupon entered for the plaintiffs on the verdict, as reduced, and the defendant appealed.

The reasons for the defendant's motion for judgment n.o.v. were apparently not given to the court below nor argued there. The opinion for the court en banc states that "Defendant has filed a motion for judgment notwithstanding the verdict. Why, is not made apparent. . . . Counsel has given no reasons why judgment N.O.V. should be entered, but merely made the motion." From the appellant's brief and oral argument in this court we understand his contention to be that the subsequent contract, which he pleads, was either (1) the sole contract under which the plaintiffs built the dwelling for the defendant in which event the plaintiffs' claim would be less by as much as the contract price in the second writing was less than under the contract whereon the plaintiffs sued or (2) the second contract with its reduced contract price was a subterfuge for the purpose of inducing favorable action by the Federal Housing Administration on the defendant's application for a loan under the so-called G.I. Bill of Rights in which event the contract was an intended fraud on the government and therefore not capable of supporting a claim by the plaintiffs.

The salient facts under which the appellant makes the contentions above stated are relatively few. The contract whereon the suit is based was entered into without any specified dependency upon the defendant's obtaining a financing loan from any source. The contract price for the dwelling was therein fixed at $10,700 which, according to the defendant's own testimony, was the lowest bid obtained from a number of contractors. The second contract, which the parties executed in order to bring the defendant's application for a G.I. loan within the requirements of the representative for the Federal Housing Administration, stated the consideration to be $8500 and the provision for the amount of partial payments to become due in relation to specified part completion was changed from $7700 to $5500

to reflect the apparent reduction in the stated amount of the consideration. In all other respects the contracts were identical. The terms, conditions, specifications and drawings were the same. A veteran's loan to the defendant in the sum of $6700 was later approved, but it was never accepted nor drawn on by him and, thereafter, duly lapsed. The government was in no way defrauded.

If any taint attaches to the transaction between the plaintiffs and the defendant, it is solely by virtue of the subsequent draft of the contract which purposely misstated the true consideration by $2200. That version of the contract gets into this case only by the defendant's pleading it in his answer. The suit is based on the original contract which the jury found was never superseded and according to which the plaintiffs fully performed their obligations to the defendant. What the latter now seeks to obtain through the inoperative second draft of the contract is to escape paying the plaintiffs anything for the dwelling which they erected on his property at his instance or, at most, to pay them $2200 less than the actual contract price which was the lowest responsible bid. The jury's appropriate finding made an effectual end of the defendant's unconscionable contentions in this connection.

The appellant's assertion of trial error is equally without merit. The defendant offered to prove the amounts of two unsatisfied mechanic's liens entered against the dwelling erected by the plaintiffs. The trial judge, upon objection, properly excluded the evidence. Neither of the liens resulted from any work performed by or for the plaintiffs in furtherance of their contract with the defendant but grew out of plumbing and heating installations for which the defendant himself separately contracted with others with the plaintiffs' approval and for which the plaintiffs allowed him appropriate credits against the contract price for the

dwelling. The proffered evidence as to the mechanic's liens was manifestly irrelevant and immaterial. As the learned trial judge correctly observed and the court en banc confirmed, "The proof of these records had nothing to do with the case" and their admission in evidence would merely have tended to confuse the jury.

The appellant ascribes error to the trial court's admission in evidence of certain testimony offered by the plaintiffs. They produced as a witness a man widely experienced in building materials and building construction of all types who was permitted to testify, over objection, to the value of the materials and work that went into the dwelling in question which the witness placed at a figure several thousand dollars more than the contract price. As the suit was on an express contract for a specified consideration less admitted credits, the relevancy and materiality of this testimony is not apparent. The plaintiffs were under no duty to prove that the materials furnished and the work performed by them represented a value greater than the contract consideration. But, the assumption by the plaintiffs of an unnecessary burden could hardly be thought to have done the defendant any harm. It is quite understandable, in the circumstances, that the trial judge felt that "The jury was certainly entitled to have some information as to what kind of edifice the plaintiffs erected for the defendant, particularly since the defendant did not want to pay anything." We agree with the court en banc that any error in the admission of this testimony was harmless error.

Nor did the trial judge "practically" give binding instructions for the plaintiffs as the appellant asserts. In a charge that was fair, adequate and impartial, the trial court left to the jury the only issue of fact in the case, namely, the alleged supersession of the contract in suit by another. From a careful examination of the record we have no hesitancy in concluding that

there was nothing in the trial whereof the defendant can justly complain and that the judgment for the plaintiffs was properly entered.

Judgment affirmed.